**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WILLIAM DAVID LAUGA**                                   **CIVIL ACTION**

**VERSUS**                                                        **NO. 15-6298**

**N. BURL CAIN, WARDEN**                              **SECTION "G"(1)**

## ORDER AND REASONS

Before the Court are Petitioner William David Lauga's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Also pending before the Court is Petitioner's "Motion for Stay and Abeyance."[3] Petitioner, a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[4] The Magistrate Judge recommended that the petition be dismissed with prejudice.[5] Petitioner objects to the Magistrate Judge's recommendation.[6] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will deny Petitioner's motion to stay, overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the petition with prejudice.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 18.

[3] Rec. Doc. 20.

[4] Rec. Doc. 1.

[5] Rec. Doc. 18.

[6] Rec. Doc. 19.

# I. Background

## *A.    Factual Background*

On October 1, 2009, Petitioner was charged by bill of information with one count of armed robbery in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[7] On April 28, 2010, following a jury trial, Petitioner was convicted of armed robbery.[8] On August 16, 2010, the state trial court sentenced Petitioner to a term of 65 years imprisonment without benefit of probation, parole, or suspension of sentence.[9] On June 10, 2011, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction.[10] However, the Louisiana First Circuit vacated Petitioner's sentence because the trial court did not wait 24 hours after denying Petitioner's motion for post-verdict judgment of acquittal and a motion for a new trial before imposing sentence as required by Louisiana Code of Criminal Procedure article 873.[11] Accordingly, the Louisiana First Circuit remanded the case to the trial court for resentencing.[12]

On December 15, 2011, the state trial court resentenced Petitioner to a term of 65 years imprisonment without benefit of probation, parole, or suspension of sentence.[13] The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on December 21, 2012,[14] and the Louisiana Supreme Court denied his related writ application on August 30, 2013.[15]

---

[7] State Rec., Vol. I of VIII, Bill of Information, Oct. 1, 2009.

[8] State Rec., Vol. I of VIII, Jury Verdict Form, Apr. 28, 2010.

[9] State Rec., Vol. I of VIII, Minute Entry, Aug. 16, 2010.

[10] *State v. Lauga*, 2010-KA-2209 (La. App. 1 Cir. 6/10/11); 2011 WL 3480949.

[11] *Id.* at *2.

[12] *Id.*

[13] State Rec., Vol. IV of VIII, Minute Entry, Dec. 15, 2011.

[14] *State v. Lauga*, 2012-KA-842 (La. App. 1 Cir. 12/21/12); 2012 WL 6681850.

[15] *State v. Lauga*, 2013-KO-157 (La. 8/30/13); 120 So.3d 258.

On June 23, 2014, Petitioner filed an application for post-conviction relief with the state trial court,[16] which was denied on July 16, 2014.[17] Petitioner's related writ applications were denied by the Louisiana First Circuit Court of Appeal on October 23, 2014,[18] and the Louisiana Supreme Court on September 25, 2015.[19]

Petitioner filed this federal habeas petition on November 23, 2015, raising the following grounds for relief: (1) his rights were violated by the State's introduction of evidence concerning another crime he was alleged to have committed in Orleans Parish; (2) the trial court erred in failing to declare a mistrial after the prosecutor questioned Petitioner concerning an alleged juvenile delinquency adjudication in St. Bernard Parish; (3) the prosecutor engaged in misconduct in presenting evidence concerning the Orleans Parish crime and in asking about the alleged St. Bernard Parish juvenile delinquency adjudication; (4) ineffective assistance of counsel; and (5) his sentence was excessive.[20] The State filed a response arguing that Petitioner's claims have no merit,[21] and Petitioner filed a reply to the State's response.[22]

---

[16] State Rec., Vol. VI of VIII, Application for Post-Conviction Relief, June 23, 2014.

[17] State Rec., Vol. VII of VIII, Order Denying Application for Post-Conviction Relief, July 16, 2014.

[18] *State v. Lauga*, 2014-KW-1203 (La. App. 1 Cir. 10/23/14); State Rec., Vol. VII of VIII.

[19] *State ex rel. Lauga v. State*, 2014-KO-157 (La. 9/25/15); 178 So.3d 161.

[20] Rec. Doc. 1. For ease of analysis, the Magistrate Judge addressed Petitioner's claims in a different order than they are listed in his federal application. Rec. Doc. 18 at 8, n.16. The Court addresses Petitioner's claims in the same order as they were addressed by the Magistrate Judge.

[21] Rec. Doc. 12.

[22] Rec. Doc. 13.

**B.      *Report and Recommendation Findings***

The Magistrate Judge recommended that the petition be dismissed with prejudice.[23] First, the Magistrate Judge addressed Petitioner's claim that his rights were violated by the State's introduction of evidence concerning another crime for which he was charged but never convicted in Orleans Parish.[24] The Magistrate Judge noted that in habeas actions a federal court does not review the mere admissibility of evidence under state law,[25] and so, to the extent Petitioner was arguing that the state courts misapplied state evidence law, the Magistrate Judge found that such a claim was not reviewable.[26] Moreover, to the extent that Petitioner was asserting a federal claim, the Magistrate Judge noted that habeas relief should not be granted for errors in a trial court's evidentiary rulings unless those errors result in a "denial of fundamental fairness" under the Due Process Clause and "the admission was a crucial, highly significant factor in the defendant's conviction."[27] The Magistrate Judge determined that Petitioner's conviction cannot be attributed to the evidence of the Orleans Parish crime because there was compelling evidence of Petitioner's guilt including the testimony of Joseph Brooks, the victim in the crime.[28] Therefore, the Magistrate Judge recommended that this claim be denied.[29]

Second, the Magistrate Judge addressed Petitioner's claim that the trial court erred in failing to declare a mistrial after the prosecutor questioned Petitioner concerning a juvenile

---

[23] Rec. Doc. 18.

[24] *Id.* at 8.

[25] *Id.* at 13 (citing *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998)).

[26] *Id.*

[27] *Id.* (quoting *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998)).

[28] *Id.* at 14.

[29] *Id.*

4

delinquent charge in St. Bernard Parish.[30] The Magistrate Judge noted that during trial the prosecutor attempted to question Petitioner about a juvenile adjudication in St. Bernard Parish, defense counsel objected to the question, and the trial court sustained the objection because under Louisiana law evidence of a juvenile adjudication is not admissible to attack credibility.[31] The Magistrate Judge found that this claim was not cognizable on federal habeas review because a federal court lacks authority to rule that a state court incorrectly interpreted its own law.[32]

Third, the Magistrate Judge addressed Petitioner's claim that the prosecutor engaged in misconduct by presenting evidence concerning the Orleans Parish crime, by asking about the alleged St. Bernard Parish juvenile adjudication, and by suggesting during closing arguments that Petitioner possessed a gun that Petitioner alleged he had previously sold to a pawn shop.[33] The Magistrate Judge noted due process may be violated if a prosecutor knowingly uses false testimony at trial, but a petitioner is entitled to relief on such a claim only if he shows: (1) the testimony was actually false; (2) the prosecutor knew the testimony was false; and (3) the testimony was material.[34] The Magistrate Judge found that Petitioner had presented no evidence that the testimony concerning the Orleans Parish crime was false, and so Petitioner's wholly conclusory and unsupported allegations failed to state a viable claim of prosecutorial misconduct.[35] Regarding the St. Bernard Parish juvenile adjudication, the Magistrate Judge noted that there was no evidence

---

[30] *Id.*

[31] *Id.* at 15.

[32] *Id.* at 18 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Charles v. Thaler*, 629 F.3d 494, 500–01 (5th Cir. 2011)).

[33] *Id.*

[34] *Id.* at 19 (citing *Duncan v. Cockrell*, 70 F. App'x 741, 744 (5th Cir. 2003)).

[35] *Id.* (citing *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990)).

that the prosecutor was aware that his questions were based on a false premise or inaccurate information.[36] While the state courts found that the evidence was inadmissible, the Magistrate Judge found that there was no reason to believe that the prosecutor's questions were asked in bad faith in a deliberate attempt to taint the proceedings.[37] Furthermore, the Magistrate Judge determined that the questions did not play a significant factor in the jury's verdict considering that Petitioner denied that such an adjudication occurred and no further evidence concerning the matter was admitted.[38] Finally, as for the prosecutor's statements regarding the gun, the Magistrate Judge found that Petitioner produced no evidence to establish that he sold the gun and the jury was instructed that they could not consider any statements made during closing argument as evidence.[39] Therefore, the Magistrate Judge recommended that this claim be denied.[40]

Fourth, the Magistrate Judge addressed Petitioner's claims that he received ineffective assistance of trial counsel.[41] Regarding Petitioner's claims that his counsel performed an inadequate pre-trial investigation and failed to call witnesses who could have benefited the defense, the Magistrate Judge found that Petitioner had not established deficient performance because his allegations were entirely speculative and unsubstantiated, and even if Petitioner had shown deficient performance he failed to establish prejudice because he had not shown how the investigation would have benefited the defense.[42] The Magistrate Judge also found Petitioner's

---

[36] *Id.* at 20.

[37] *Id.*

[38] *Id.* at 21.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 22.

[42] *Id.* at 29–34.

claim that his counsel was ineffective for failing to use additional preemptory challenges to be meritless.[43] Specifically, the Magistrate Judge found Petitioner's argument that counsel should have stricken jurors with connections to the legal system unavailing because Petitioner had not shown that those jurors had a bias against him.[44] Regarding Petitioner's argument that his counsel should have used peremptory challenges to strike jurors who, when posed with a hypothetical question, stated that they would rather see an innocent man convicted than see a guilty man go free, the Magistrate Judge found this argument unavailing because Petitioner had not shown that the jurors would have consciously and purposely disobeyed the jury instructions.[45] The Magistrate Judge also rejected Petitioner's argument that even if his separate contentions regarding counsel's ineffectiveness do not warrant relief when considered individually, relief is warranted if they are considered cumulatively.[46]

Finally, the Magistrate Judge addressed Petitioner's claim that his sentence was excessive.[47] To the extent that Petitioner claimed that his sentence was excessive or otherwise inappropriate under Louisiana law, the Magistrate Judge found that the claim is not cognizable in this federal proceeding.[48] To the extent that Petitioner claimed that his sentence is excessive under federal law, the Magistrate Judge found that the claim is meritless because Petitioner's sentence fell within the range provided by law and was not grossly disproportionate to the crime.[49]

---

[43] *Id.* at 34.

[44] *Id.* at 35.

[45] *Id.* at 36.

[46] *Id.* (citing *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008)).

[47] *Id.* at 39.

[48] *Id.* at 41.

[49] *Id.* at 42–43.

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[50] He asserts that he was never convicted of armed robbery in Orleans Parish.[51] Petitioner argues that his trial attorney failed to investigate the Orleans Parish charge, and he contends that an investigation would have allowed his attorney to refute the evidence the State used against Petitioner.[52] Petitioner contends that the Magistrate Judge erred in finding that he committed the crime in Orleans Parish because he was never convicted of the crime.[53] Furthermore, Petitioner notes that the Magistrate Judge cited the strength of the victim's testimony, but Petitioner contends that the description provided to the on-scene officer did not match a description of Petitioner's physical characteristics.[54] Therefore, Petitioner asserts that his counsel's failure to investigate precluded him from receiving a fair trial.[55] Moreover, Petitioner argues that his attorney did not investigate the alleged juvenile adjudication in St. Bernard Parish.[56]

Next, Petitioner asserts that the prosecutor's references to the alleged juvenile adjudication in St. Bernard Parish violated due process because the prosecutor should have investigated the

---

[50] Rec. Doc. 19.

[51] *Id.* at 2.

[52] *Id.*

[53] *Id.* at 3.

[54] *Id.*

[55] *Id.* at 4.

[56] *Id.* at 5.

facts of the case before trying to introduce the evidence to the jury.[57] Moreover, Petitioner contends that the prosecutor's reference to the juvenile adjudication warranted a mistrial.[58]

Petitioner also objects to the Magistrate Judge's finding that he presented no evidence to support his assertion that he sold the gun at a pawn shop.[59] He notes that the Magistrate Judge found this argument unavailing because evidence was presented at trial to show that the gun used in the instant offense was similar to the gun used in the Orleans Parish robbery not that the same gun was used.[60] However, Petitioner argues that the prosecutor "made a point to prove it was [the same] gun."[61] Petitioner contends that he would have been able to substantiate his assertion that the victim was mistaken about Petitioner being the assailant if his trial counsel would have obtained records from the pawn shop.[62]

Next, Petitioner objects to the Magistrate Judge's finding that his claim that his trial counsel was ineffective in failing to use preemptory challenges to strike jurors who stated they would rather see an innocent man convicted than a guilty man go free.[63] Petitioner disputes the Magistrate Judge's assertion that the question was vague and hypothetical, arguing that the question was pointed and exact.[64]

---

[57] *Id.* at 6.

[58] *Id.* at 6–7.

[59] *Id.* at 7.

[60] *Id.* at 9.

[61] *Id.*

[62] *Id.*

[63] *Id.* at 10.

[64] *Id.*

Finally, Petitioner objects to the Magistrate Judge's determination that his sentence was not excessive.[65] Petitioner contends that a 65 year sentence for a first offense armed robbery conviction is excessive.[66]

**B.     *Petitioner's "Motion for Stay & Abeyance"***

In the "Motion for Stay & Abeyance" Petitioner requests that the Court stay this matter to allow the state trial court to review evidence that Petitioner contends is critical to substantiate his claims.[67] Therefore, to the extent that the new affidavit would create a "mixed petition," Petitioner requests that the Court stay this case to allow him to return to the state trial court to present this evidence.[68] However, if the Court determines that the affidavit can be considered, Petitioner requests that the Court grant him an evidentiary hearing.[69]

Petitioner presents an affidavit by his former attorney Michael C. Ginart, Jr. dated December 22, 2016.[70] Ginart attests that he and his law partner represented Petitioner in case numbers 156-151/156, which was brought against Petitioner in St. Bernard Parish on charges of armed robbery, possession or dealing in unregistered or illegal transferred weapons, simple assault, improper telephone communications and simple criminal damage to property over $500.00.[71]

---

[65] *Id.*

[66] *Id.*

[67] Rec. Doc. 20 at 1.

[68] *Id.* at 2.

[69] *Id.*

[70] *Id.* at 6–7.

[71] *Id.* at 6.

Ginart further attests that Petitioner was 17 years old at the time of the St. Bernard Parish crime and was prosecuted as an adult not as a juvenile.[72]

Ginart's affidavit attaches Petitioner's criminal record and minutes from the St. Bernard Parish Clerk of Court regarding Petitioner's case.[73] A minute entry dated October 19, 2000, indicates that the charges against Petitioner were dismissed.[74]

### C.    *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections or motion for stay despite receiving electronic notice of the filings.

### III. Standard of Review

### A.    *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[75] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[76] A district court's review is limited to plain error for parts of the report which are not properly objected to.[77]

---

[72] *Id.* at 7.

[73] *Id.*

[74] *Id.* at 10.

[75] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[76] Fed. R. Civ. P. 72(b)(3).

[77] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**B.    Standard of Review Under the AEDPA**

Following the enactment of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[78] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[79] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[80]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[81]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[82] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect

---

[78] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[79] 28 U.S.C. § 2254(d)(2).

[80] 28 U.S.C. § 2254(d)(1).

[81] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[82] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[83]

## IV. Law and Analysis

### A.    *Introduction of Evidence Regarding the Orleans Parish Crime*

The Magistrate Judge recommended that the Court deny Petitioner's claim that his rights were violated by the State's introduction of evidence concerning another crime for which he was charged but never convicted in Orleans Parish.[84] To the extent that Petitioner was arguing that the state courts misapplied state evidence law in allowing the admission of the evidence, the Magistrate Judge found that such a claim is not reviewable in federal habeas actions.[85] Petitioner does not object to this recommendation.[86] The Fifth Circuit has held that "[i]n habeas actions, [federal courts] do not sit to review the mere admissibility of evidence under state law."[87] Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner's claim that the state courts misapplied state evidence law in allowing the admission of the "other crimes" evidence is not reviewable.

To the extent that Petitioner was asserting admission of the evidence regarding the Orleans Parish crime resulted in a denial of fundamental fairness under the Due Process Clause, the Magistrate Judge recommended that this claim be denied because Petitioner's conviction cannot be attributed to this evidence as there was compelling evidence of Petitioner's guilt including the

---

[83] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[84] Rec. Doc. 18 at 8–13.

[85] *Id.* at 13.

[86] Rec. Doc. 19.

[87] *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998).

testimony of Joseph Brooks, the victim in the crime.[88] Petitioner objects to this determination arguing that the Magistrate Judge erred in finding that he committed the crime in Orleans Parish because he was never convicted of the crime.[89] Furthermore, Petitioner notes that the Magistrate Judge relied on the strength of the victim of the instant crime's testimony, but Petitioner contends that the description the victim provided to the on-scene officer did not match a description of Petitioner's physical characteristics.[90] Accordingly, the Court reviews this issue de novo.

As an initial matter, the Court notes that the Magistrate Judge did not find that Petitioner committed the crime in Orleans Parish, and the Report and Recommendation notes that the State introduced evidence concerning other crimes that Petitioner "was alleged to have committed" and for which he "was charged, but never convicted."[91] The Fifth Circuit has stated that "a state trial court's evidentiary rulings will mandate habeas relief when errors are so extreme that they constitute a denial of fundamental fairness" under the Due Process Clause.[92] Therefore, habeas relief is only warranted "when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial."[93]

On direct appeal, the Louisiana First Circuit Court of Appeal addressed Petitioner's claim that the trial court erred in admitting evidence regarding the armed robbery in Orleans Parish.[94] The Louisiana First Circuit found that the other crimes evidence was relevant to show identity

---

[88] Rec. Doc. 18 at 14.

[89] *Id.* at 3.

[90] Rec. Doc. 19 at 2–3.

[91] Rec. Doc. 18 at 8.

[92] *Little*, 162 F.3d at 862 (citing *Evans v. Thigpe*n, 809 F.2d 239, 242 (5th Cir. 1987)).

[93] *Id.* (citing *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986)).

[94] *Lauga*, 2011 WL 3480949.

because "the *modus operandi* in both robberies was so distinctively similar that one may reasonably infer that they were the work of one person."[95] Moreover, the First Circuit found that even if the other crimes evidence was not admissible, reversal of Petitioner's conviction was not required because Petitioner's "conviction was surely not attributable to the admission of the other crimes evidence."[96] Specifically, the First Circuit noted that Petitioner was positively identified by the victim in this case, who's "trial testimony established he was absolutely positive in his identification of the defendant as the individual who feigned the role of a U.S. Marshal and robbed him at gunpoint."[97] Therefore, the First Circuit found that "the jury's verdict in this case was based on the victim's positive identification of the defendant as the robber shortly after the offense occurred, and again in open court at the trial," and not on the admission of the other crimes evidence.[98]

Petitioner contends that the admission of the other crimes evidence was overly prejudicial. However, he has not shown that the testimony played a crucial, highly significant role in his conviction. As the Louisiana First Circuit found, the State presented compelling evidence of Petitioner's guilt. Petitioner contends that the description the victim provided to the on-scene officer did not match a description of Petitioner's physical characteristics.[99] However, this argument is unavailing because Deputy Sean Beavers, the responding officer, testified that the victim described the perpetrator as a white man and provided a general description of Petitioner's

---

[95] *Id.* at *8.

[96] *Id.* at *8–9.

[97] *Id.* at *9.

[98] *Id.*

[99] Rec. Doc. 19 at 2–3.

physical characteristics.[100] Therefore, because of the compelling evidence against Petitioner, he has failed to establish that the admission of the other crimes evidence played a crucial, highly significant role in his conviction. Accordingly, upon de novo review, the Court finds that the state court's denial of relief on this claim was not contrary to or an unreasonable application of federal law.

**B.    *Denial of a Mistrial***

The Magistrate Judge found Petitioner's claim that the trial court erred in failing to declare a mistrial after the prosecutor questioned Petitioner concerning a juvenile delinquent adjudication in St. Bernard Parish was not cognizable on federal habeas review because a federal court lacks authority to rule that a state court incorrectly interpreted its own law.[101] Petitioner objects to this determination, arguing that the prosecutor's reference to the juvenile adjudication warranted a mistrial as Louisiana law does not allow evidence of a juvenile conviction to be used to attack credibility.[102]

As the Fifth Circuit has explained, "[u]nder § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law."[103] Here, Petitioner contends that the prosecutor's reference to a juvenile adjudication warranted a mistrial under state law. Therefore, on de novo review the Court concludes that this claim is not cognizable on federal habeas review.

---

[100] State Rec., Vol. II of VIII, Trial Transcript at 212, 218.

[101] Rec. Doc. 18 at 14–18.

[102] Rec. Doc. 19 at 6–7.

[103] *Charles v. Thaler*, 629 F.3d 494, 500–01 (5th Cir. 2011).

### C.    *Prosecutorial Misconduct*

The Magistrate Judge recommended that the Court deny Petitioner's claim that the prosecutor engaged in misconduct by presenting evidence concerning the Orleans Parish crime, by asking about the alleged St. Bernard Parish juvenile adjudication, and by suggesting during closing arguments that Petitioner possessed a gun that Petitioner alleged he had previously sold to a pawn shop.[104] Petitioner objects to this determination, arguing that the prosecutor's references to the alleged juvenile adjudication in St. Bernard Parish violated due process because the prosecutor should have investigated the facts of the case before trying to introduce the evidence to the jury.[105] Petitioner also objects to the Magistrate Judge's finding that he presented no evidence to support his assertion that he sold the gun at a pawn shop.[106] Petitioner argues that the prosecutor "made a point to prove it was Mr. Lauga's gun."[107] Therefore, the Court reviews this claim de novo.

"A state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected."[108] "To obtain relief, the defendant must show that (1) the testimony was actually false, (2) the state knew it was false and (3) the testimony was material."[109]

Petitioner has not presented any evidence that the testimony concerning the Orleans Parish crime was false. The Fifth Circuit has concluded that a habeas petitioner's "bare allegations" that

---

[104] Rec. Doc. 18 at 18–21.

[105] Rec. Doc. 19 at 6.

[106] *Id.* at 7.

[107] *Id.* at 9.

[108] *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996) (citing *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959); *Cordova v. Collins*, 953 F.2d 167 (5th Cir.1992)).

[109] *Id.* (citing *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir.1993)).

a prosecutor presented false testimony at trial is insufficient to establish a valid due process claim.[110] Therefore, Petitioner's wholly conclusory and unsupported allegations that the testimony regarding the Orleans Parish crime was false are insufficient to state a viable claim of prosecutorial misconduct.

As for the St. Bernard Parish juvenile adjudication, no evidence of the crime was actually admitted at trial. During trial, the prosecutor asked Petitioner if he was ever convicted in St. Bernard Parish as a juvenile, and Petitioner denied that the juvenile adjudication had occurred.[111] Petitioner's trial counsel then objected to the line of questioning, and the trial court sustained the objection.[112] In his motion to stay, Petitioner presents an affidavit by his former attorney, Ginart, who represented Petitioner in the St. Bernard Parish case.[113] Ginart's affidavit attaches Petitioner's criminal record and minutes from the St. Bernard Parish Clerk of Court regarding Petitioner's case.[114] A minute entry dated October 19, 2000, appears to indicate that the charges against Petitioner in St. Bernard Parish were dismissed.[115] However, even assuming that the prosecutor's line of questioning regarding the St. Bernard Parish adjudication was false, Petitioner has not shown that the prosecutor was aware that his questions were false. Furthermore, Petitioner has not demonstrated that the questions played a significant factor in the jury's verdict considering that Petitioner denied that such an adjudication occurred and no further evidence concerning the matter

---

[110] *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

[111] *Lauga*, 2011 WL 3480949, at *3.

[112] *Id.*

[113] Rec. Doc. 20 at 6.

[114] *Id.* at 7.

[115] *Id.* at 10.

was admitted into evidence. Therefore, Petitioner has not stated a viable claim of prosecutorial misconduct.

Finally, Petitioner asserts that the prosecutor's closing argument was improper because it falsely suggested that Petitioner was in possession of a gun, which Petitioner alleges he sold at a pawn shop. However, Petitioner has produced no evidence to establish that he sold the gun. Therefore, Petitioner has not shown that this statement was false. Moreover, Petitioner has not demonstrated that this statement was material to his conviction. Accordingly, on de novo review, the Court finds that the state court's denial of relief on Petitioner's procedural misconduct claims was not contrary to or an unreasonable application of federal law.

### D.    *Ineffective Assistance of Counsel*

Petitioner raises three ineffective assistance of counsel claims: (1) his counsel performed an inadequate pre-trial investigation and failed to call witnesses who could have benefited the defense; (2) his counsel failed to use additional preemptory challenges to strike jurors; and (3) even if his separate contentions regarding counsel's ineffectiveness do not warrant relief when considered individually, relief is warranted if they are considered cumulatively.[116] The Magistrate Judge recommends that the Court dismiss all of Petitioner's ineffective assistance of counsel claims.[117] Petitioner objects to the Magistrate Judge's determination regarding his counsel's pre-trial investigation, but does not object to the Magistrate Judge's determinations regarding the use of preemptory challenges or cumulative errors.[118] Accordingly, the Court reviews the claims that are objected to de novo and the claims that are not objected to for plain error.

---

[116] Rec. Doc. 1 at 18.

[117] Rec. Doc. 18 at 22–39.

[118] Rec. Doc. 19.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[119] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[120]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[121] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[122] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[123]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[124] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[125] Where a petitioner challenges the voluntariness of his guilty plea on the grounds of ineffective assistance of counsel, the petitioner must establish that but for counsel's alleged error, the petitioner "would not have pleaded guilty but would have insisted upon going to trial."[126]

---

[119] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[120] *Id.*

[121] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[122] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[123] *See Strickland*, 466 U.S. at 689.

[124] *Id.* at 694.

[125] *Id.*

[126] *See Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005).

"This assessment will turn partially on a prediction of what the outcome of a trial might have been."[127]

As the record shows, the state trial court identified the governing legal standard found in *Strickland* and applied it to Petitioner's ineffective assistance of counsel claims.[128] In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[129] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[130] Thus, this standard is considered "doubly deferential" on habeas corpus review.[131] Considering this standard, the Court addresses each of Petitioner's ineffective assistance of counsel claims in turn.

### 1.    Failure to Investigate and Call Witnesses

Petitioner objects to the Magistrate Judge's recommendation that the Court dismiss Petitioner's claim that his counsel performed ineffectively by failing to investigate and call witnesses.[132] Specifically, Petitioner asserts that his counsel's failure to investigate the Orleans Parish crime precluded him from receiving a fair trial.[133] Moreover, Petitioner argues that his

---

[127] *Id.* (internal quotation omitted).

[128] State Rec., Vol. VII of VIII, Trial Court Order, Jul. 16, 2014.

[129] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[130] *Id.*

[131] *Id.*

[132] Rec. Doc. 19 at 4.

[133] *Id.*

attorney did not investigate the alleged juvenile adjudication in St. Bernard Parish.[134] Finally, Petitioner contends that he would have been able to substantiate his assertion that the victim was mistaken about Petitioner being the assailant if his trial counsel would have obtained records from the pawn shop where he sold the gun that the prosecutor referenced during closing arguments.[135]

To succeed on a failure to investigate claim a petitioner "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of trial."[136] The Fifth Circuit has recognized that "[a] petitioner cannot show prejudice with respect to a claim that counsel failed to investigate and present mitigating evidence without adducing what the investigation would have shown."[137]

With respect to the armed robbery in Orleans Parish, Petitioner has not shown what evidence would have been discovered through further investigation. With respect to the gun that Petitioner alleges was sold in a pawn shop, Petitioner presents no evidence to support his assertion that he actually sold the gun. Therefore, Petitioner has not demonstrated prejudice as to these claims because he has not adduced what the investigation would have shown.[138]

Finally, with respect to the armed robbery in St. Bernard Parish, Petitioner presents an affidavit by his former attorney, Ginart, who represented Petitioner in the St. Bernard Parish case.[139] As discussed above, Ginart's affidavit attaches Petitioner's criminal record and minutes

---

[134] *Id.* at 5.

[135] *Id.* at 9.

[136] *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998).

[137] *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 696).

[138] *Id.*

[139] Rec. Doc. 20 at 6.

from the St. Bernard Parish Clerk of Court regarding Petitioner's case,[140] and a minute entry dated October 19, 2000, appears to indicate that the charges against Petitioner in St. Bernard Parish were dismissed.[141] However, even assuming that trial counsel performed deficiently by failing to investigate the St. Bernard Parish adjudication, Petitioner has not shown that this evidence would have benefitted his defense. At trial, Petitioner denied that he was ever convicted of a crime as a juvenile in St. Bernard Parish.[142] Petitioner's trial counsel then objected to the line of questioning, and the trial court sustained the objection.[143] Therefore, based on this line of questioning, the jury could have concluded that Petitioner was never arrested in St. Bernard Parish, and Petitioner has not shown that evidence that he was in fact arrested but never convicted of the crime would have been beneficial to his defense. Accordingly, on de novo review, the Court finds that the state court's denial of relief on Petitioner's failure to investigate claim was not contrary to or an unreasonable application of federal law.

### 2.    Failure to Use Preemptory Challenges

The Magistrate Judge also found Petitioner's claim that his counsel was ineffective for failing to use additional preemptory challenges to be meritless.[144] Specifically, the Magistrate Judge found Petitioner's argument that counsel should have stricken jurors with connections to the legal system unavailing because Petitioner had not shown that those jurors had a bias against him.[145] Regarding Petitioner's argument that his counsel should have used peremptory challenges

---

[140] *Id.* at 7.

[141] *Id.* at 10.

[142] *Lauga*, 2011 WL 3480949, at *3.

[143] *Id.*

[144] Rec. Doc. 18 at 34.

[145] *Id.* at 35.

to strike jurors who, when posed with a hypothetical question, stated that they would rather see an innocent man convicted than see a guilty man go free, the Magistrate Judge found this argument unavailing because Petitioner had not shown that the jurors would have consciously and purposely disobey the jury instructions.[146] Petitioner does not object to this determination, except to dispute that the question posed to the jurors was vague and hypothetical.[147] The Fifth Circuit has recognized that an "attorney's actions during voir dire are considered to be a matter of trial strategy."[148] Therefore, "[a] decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness"[149] Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's recommendation that the state court's denial of relief on this claim was not contrary to or an unreasonable application of federal law.

### 3.    Cumulative Errors

The Magistrate Judge also rejected Petitioner's argument that even if his separate contentions regarding counsel's ineffectiveness do not warrant relief when considered individually, relief is warranted if they are considered cumulatively.[150] Petitioner does not object to this determination. The Fifth Circuit has recognized that "[m]eritless [ineffective assistance of counsel] claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised."[151] Therefore, finding no plain error, the Court adopts the Magistrate Judge's

---

[146] *Id.* at 36.

[147] Rec. Doc. 19 at 10.

[148] *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995).

[149] *Id.* (internal citations and quotation marks omitted).

[150] Rec. Doc. 18 at 36.

[151] *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008).

recommendation that the state court's denial of relief on this claim was not contrary to or an unreasonable application of federal law.

## E.    *Excessive Sentence*

The Magistrate Judge found Petitioner's claim that his sentence was excessive unavailing because Petitioner's sentence fell within the range provided by law and was not grossly disproportionate to the crime.[152] Petitioner objects to the Magistrate Judge's determination, arguing that a 65 year sentence for a first offense armed robbery conviction is excessive.[153] Because Petitioner objects to the Magistrate's recommendation, the Court reviews this issue *de novo*.

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual."[154] This Court must "initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of [the defendant's] sentence."[155] If the sentence is not grossly disproportionate to the crime, the inquiry is finished.[156] However, if the Court infers from this comparison "that the sentence is grossly disproportionate to the offense," then it must "compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."[157] "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be

---

[152] Rec. Doc. 18 at 42–43.

[153] Rec. Doc. 19 at 10.

[154] *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (citations and quotation marks omitted).

[155] *Id.* at 316.

[156] *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997).

[157] *McGruder*, 954 F.2d at 316.

required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law."[158] The Fifth Circuit has "recognized, following guidance from the Supreme Court, that successful Eighth Amendment challenges to prison-term lengths will be rare."[159]

In *Rummel v. Estelle*, the Supreme Court upheld a sentence of life imprisonment with the possibility of parole for the defendant's third nonviolent felony conviction for the crime of obtaining $120.75 by false pretenses.[160] Following its decision in *Rummel*, the Supreme Court upheld a sentence of 20 years imprisonment for possession of marijuana with intent to distribute and 20 years imprisonment for distribution of marijuana, with the prison terms running consecutively.[161] The Court stated that "*Rummel* stands for the proposition that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare."[162]

*Solem v. Helm* is the only case involving an adult defendant in which the Supreme Court has found that a lengthy prison term violated the Eighth Amendment.[163] There, the defendant was sentenced to life imprisonment without the possibility of parole for issuing a "no account" check

---

[158] *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987) (citations omitted).

[159] *United States v. Hebert*, 813 F.3d 551, 566 (quoting *United States v. Harris*, 566 F.3d 422, 436 (5th Cir. 2009)).

[160] 445 U.S. 263, 265 (1980). The defendant had previously been convicted of fraudulent use of a credit card to obtain $80 worth of goods and services and passing a forged check in the amount of $28.36. *Id.*

[161] *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam).

[162] *Id.* at 374 (citations and quotation marks omitted).

[163] 463 U.S. 277 (1983).

for $100.[164] The conviction was the defendant's seventh nonviolent felony conviction.[165] The *Solem* Court distinguished the case from *Rummel*, where the defendant was eligible for parole within 12 years, noting that this fact was heavily relied on by the Court.[166] The Court found that the sentence was significantly disproportionate to the crime, reasoning that the criminal conduct was relatively minor, the defendant was treated more harshly than other criminals in the state who were convicted of more serious crimes, and the defendant was treated more harshly than he would have been in any other jurisdiction.[167]

The Supreme Court has rejected proportionality claims in other cases following *Solem*. In *Harmelin v. Michigan*, the Court, in a 5-4 plurality opinion, upheld a sentence of life imprisonment without the possibility of parole for the defendant's first felony conviction of possession of 372 grams of cocaine.[168] The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are grossly disproportionate to the crime."[169] In *Ewing v. California*, the Supreme Court, in a 5-4 plurality opinion, rejected a challenge to a sentence range of 25 years to life for the theft of three golf clubs under California's "three strikes" recidivist statute.[170]

---

[164] *Id.* at 281–82.

[165] *Id.* at 280.

[166] *Id.* at 297.

[167] *Id.* at 303.

[168] 501 U.S. 957 (1991).

[169] *Id.* at 997, 1000–1001 (Kennedy, J., concurring in part and concurring in judgment).

[170] *Ewing v. California*, 538 U.S. 11 (2003).

Finally, in *Lockyer v. Andrade*, the Supreme Court, in a 5-4 opinion, found that the Ninth Circuit erred in determining that two consecutive sentence ranges of 25 years to life imprisonment for "third strike" convictions of stealing videotapes valued at $84.60 and $68.84 respectively were not contrary to, or an unreasonable application of, clearly established federal law.[171] The Court stated that a state court decision is "'contrary to [] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"[172] Because the petitioner's sentence in *Lockyear* implicated factors relevant in both *Rummel* and *Solem* and because *Solem* stated that it did not overrule *Rummel*, the Supreme Court held that the state court's denial of relief was not contrary to clearly established federal law.[173] Turning to the unreasonable application clause, because "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," the Supreme Court found that it was not an unreasonable application of clearly established federal law for the California courts to affirm the petitioner's sentence of two consecutive terms of 25 years to life in prison.[174]

In the instant case, Petitioner was found guilty of armed robbery in violation of Louisiana Revised Statute § 14:64.[175] The trial court sentenced Petitioner to a term of 65 years imprisonment without benefit of probation, parole, or suspension of sentence.[176] Louisiana Revised Statute

---

[171] *Lockyer v. Andrade*, 538 U.S. 63 (2003).

[172] *Id.* at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

[173] *Id.* at 74.

[174] *Id.* at 77.

[175] State Rec., Vol. I of VIII, Jury Verdict Form, Apr. 28, 2010.

[176] State Rec., Vol. IV of VIII, Minute Entry, Dec. 15, 2011.

§ 14:64(B) provides that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence."[177] Accordingly, the sentence was within the statutory range prescribed by Louisiana law. When a sentence is within the statutory limits prescribed by state law, a petitioner "must show that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in an improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[178]

The state trial court found that Petitioner's sentence was warranted given the severity of the offense, and the state appellate courts upheld that determination. Specifically, the state trial court relied on the following facts to support the sentence: (1) the case did not involve drug activity, unlike many armed robberies, making the case more sinister; (2) Petitioner represented himself to be in law enforcement and used that representation to prey on the victim; (3) Petitioner manifested deliberate cruelty to the victim by threatening to kill him; (4) Petitioner used a firearm in the commission of the offense; and (5) there was evidence that Petitioner had been involved in similar offenses for which he was never convicted.[179] Accordingly, considering the wide discretion that is accorded a state trial court's sentencing decision, relief is not warranted because Petitioner has not shown that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law.[180] Accordingly, on de novo review, the Court concludes that Petitioner is not

---

[177] La. Rev. Stat. § 14:64(B).

[178] *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).

[179] *State v. Lauga*, 2012-KA-842 (La. App. 1 Cir. 12/21/12); 2012 WL 6681850, at *4.

[180] *Haynes*, 825 F.2d at 923–24.

entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

### F.    Motion to Stay

Finally, Petitioner has filed a motion to stay requesting that the Court stay this matter to allow the state trial court to review the affidavit provided by his former attorney, Ginart.[181] To the extent that the new affidavit would create a "mixed petition," Petitioner requests that the Court stay this case to allow him to return to the state trial court to present this evidence.[182] However, if the Court determines that the affidavit can be considered, Petitioner requests that the Court grant him an evidentiary hearing.[183]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[184] A federal habeas corpus petition should typically be dismissed if the petitioner has failed to exhaust all available state remedies.[185] However, dismissal without prejudice of a "mixed petition" may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[186]

---

[181] Rec. Doc. 20 at 1.

[182] Id. at 2.

[183] Id.

[184] Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks and citations omitted).

[185] Pliler v. Ford, 542 U.S. 225, 230 (2004).

[186] Duncan v. Walker, 533 U.S. 167, 181–82 (2001) (holding that 28 U.S.C. § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings).

Because of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[187] However, the United States Supreme Court has noted that a "stay and abeyance should be available only in limited circumstances."[188] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds: "(1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay."[189]

Here, Ginart's affidavit was not presented to the state courts. However, Petitioner's claims regarding the St. Bernard Parish juvenile adjudication were presented to the state courts. Moreover, for the reasons discussed *supra*, even considering this evidence, Petitioner is not entitled to relief on his federal habeas claims. Accordingly, the Court finds that a stay is not warranted.

## V. Conclusion

For the reasons stated above, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. Furthermore, a stay of this matter is not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner William David Lauga's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

---

[187] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[188] *Id.*

[189] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Stay & Abeyance"[190] is

**DENIED.**

**NEW ORLEANS, LOUISIANA,** this __26th__ day of July, 2017.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[190] Rec. Doc. 20.